Christine K. Noma (Bar No. 104751)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone:  (510) 834-6600
Fax:  (510) 834-1928
Email:  cnoma@wendel.com

Attorneys for Fiesta 116, L.P., a California
limited partnership

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIESTA 116, L.P., a California limited partnership, | Case No. |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **1) CERCLA COST RECOVERY;**<br>**2) DECLARATORY RELIEF;**<br>**3) CONTRIBUTION AND INDEMNITY PURSUANT TO THE CALIFORNIA HAZARDOUS SUBSTANCE ACCOUNT ACT, CAL. H&S CODE § 25363(e);** |
| WELLS FARGO & COMPANY, as the successor to CROCKER CITIZENS NATIONAL BANK and MILTON J. LEAR as co-trustees of the Irrevocable Voluntary Trust created by MILTON LEVI for the benefit of J.E. LEAR, J. LEAR and J.M. LEAR; WILLIAM A. KINNEY; MOLLIE M. KINNEY (aka MARIE M. KINNEY); JAMES (aka JIM) LaBLUE; JUDY LaBLUE (aka JUDY MacGOWAN); THRIFTY KLEAN EQUIPMENT, INC.; STANLEY MOHAR and the ESTATE OF STANLEY MOHAR; MOHAR, INC.; and DOES 1-25, inclusive, | **4) FAILURE TO PROVIDE NOTICE OF RELEASE PURSUANT TO THE CALIFORNIA HAZARDOUS SUBSTANCE ACCOUNT ACT, CAL. H&S CODE § 25359.7;**<br>**5) EQUITABLE INDEMNITY AND CONTRIBUTION;**<br>**6) CONTINUING NUISANCE;**<br>**7) CONTINUING TRESPASS;**<br>**8) and UNJUST ENRICHMENT** |
| Defendants. | **and**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Fiesta 116, L.P. alleges against Wells Fargo & Company, as the successor to

Crocker Citizens National Bank and Milton J. Lear as co-trustees of the Irrevocable Voluntary

Trust created by Milton Levi for the Benefit of J.E. Lear, J. Lear and J.M. Lear, William A.

Kinney and Mollie M. Kinney (aka Marie M. Kinney), James (aka Jim) LaBlue, Judy LaBlue (aka

Judy MacGowan), Thrifty Klean Equipment, Inc., Stanley Mohar and the Estate of Stanley Mohar,

Mohar, Inc. collectively "Defendants," as follows:

COMPLAINT UNDER CERCLA AND STATE
LAW FOR DAMAGES AND RELATED RELIEF –
DEMAND FOR JURY TRIAL

1

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

**NATURE OF THE ACTION**

1.     This is an action to recover environmental cleanup costs and damages and to obtain declaratory relief against Defendants.

**JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

2.     This action primarily arises under the federal Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.*  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b).  This Court has supplemental jurisdiction of the state claims asserted in this action pursuant to 28 U.S.C. § 1367.  The federal and state claims herein alleged are based on contamination of the same property, include allegations regarding the same parties and involve the same operative facts.  Judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises jurisdiction over the state claims.

3.     Venue and intra-district assignment is proper in this Court, in either the Oakland Division or San Francisco Division, under the provisions of 28 U.S.C. § 1391(b) and Local Rule 3-2 (d), as the Property that is the subject of this action and a substantial portion of the events or omissions giving rise to these claims occurred in the District.  All of the Defendants' activities, omissions and conduct pertinent to this action occurred in or near Sebastopol, Sonoma County, California and continue to contaminate the environment in or near Sebastopol, Sonoma County, California.

**PARTIES**

4.     Plaintiff Fiesta 116, L.P., a California limited partnership (referred to herein as "Fiesta" or "Plaintiff") is a California limited partnership with its principal place of business in Oakland, California.  Fiesta currently owns real property commonly known as 550 to 580 Gravenstein Highway North, Sebastopol, CA 95472, located in Sonoma County, California (the "Property").

5.     Fiesta is informed and believes, and on that basis alleges, that Defendants Wells Fargo & Company, as the successor to Crocker Citizens National Bank ("WFB") and Milton J. Lear ("Lear") as co-trustees of the Irrevocable Voluntary Trust ("Trust") created by Milton Levi

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

COMPLAINT UNDER CERCLA AND STATE LAW FOR DAMAGES AND RELATED RELIEF – DEMAND FOR JURY TRIAL

2

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24ᵗʰ Floor
Oakland, California 94607-4036

1    for the Benefit of J.E. Lear, J. Lear and J.M. Lear, and William A. Kinney and Mollie M. Kinney

2    (aka Marie M. Kinney) (collectively "Kinneys"), (WFB, Lear and Kinneys are referred to as the

3    "Owner Defendants"), owned the Property at various times before Fiesta purchased the Property in

4    1987.  WFB and Lear as co-trustees of the Trust owned the Property from 1967 to 1978.  The

5    Kinneys owned the Property from 1978 until 1987.

6           6.     Fiesta is also informed and believes, and on that basis alleges, that Defendants

7    James La Blue (aka Jim La Blue) and Judy La Blue (aka Judy MacGowan), Thrifty Klean

8    Equipment, Inc., Stanley Mohar, the Estate of Stanley Mohar, and Mohar, Inc. (hereinafter

9    referred to as the "Operator Defendants") leased and/or were assignees under various leases of the

10   coin laundry and dry cleaning businesses at the Property at various times prior to Fiesta's purchase

11   of the Property.  Fiesta is also informed and believes, and on that basis alleges, that the dry cleaner

12   business operated at 580 Gravenstein Highway North.  Stanley Mohar also was a guarantor under

13   certain of the dry cleaner leases.

14          7.     Plaintiff currently does not know the true names or capacities of the defendants

15   sued herein as "DOES 1 through 25."  Each such fictitiously named defendant is in some manner

16   liable to plaintiff for the contamination at the Property.  Each reference in this Complaint to

17   Defendants, Owner Defendants, Operator Defendants, or a specifically named Defendant refers

18   also to such fictitiously named defendants.  Plaintiff will add each such fictitiously named

19   defendant as a named defendant in this case if and when their identities are discovered.

20                              **GENERAL ALLEGATIONS**

21          8.     The Owner Defendants and their predecessors-in-interest have owned the Property

22   since at least the 1967.  The Property is part of a small commercial retail shopping mall that has

23   been used for commercial and retail purposes and includes several tenant spaces, at least one of

24   which has historically been used as a dry cleaner.  Fiesta is informed and believes, and on that

25   basis alleges, that dry cleaning operations were conducted at the Property by the Operator

26   Defendants from as early as 1967 to approximately 2003.  Defendant Stanley Mohar also was a

27   guarantor under certain of the dry cleaner leases.  During that period, the Property was owned by

28

COMPLAINT UNDER CERCLA AND STATE              3
LAW FOR DAMAGES AND RELATED RELIEF –
DEMAND FOR JURY TRIAL

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24ᵗʰ Floor
Oakland, California 94607-4036

1    certain individuals, their estates or trusts established by those individuals or for the benefit of

2    persons related to those individuals, identified herein as the Owner Defendants.

3           9.     Fiesta is informed and believes, and on that basis alleges, that during the course of

4    the Owner Defendants' ownership of the Property and during the course of the Operator

5    Defendants' operation of a dry cleaner on the Property, hazardous materials, including but not

6    limited to tetrachloroethylene (also referred to as perchloroethylene or PCE) and other dry

7    cleaning chemicals, have been released and disposed of at and from the Property.  As used herein,

8    the term disposal (and associated terms such as dispose and disposed) and the term release (and

9    associated terms such as released) are used as defined in 42 U.S.C. §§ 9601(29) and 9601(22),

10   respectively.

11          10.    Fiesta is informed and believes, and on that basis alleges, that hazardous substances

12   were disposed of and released during, among other things, the Operator Defendants' storage,

13   handling, use and transfer of dry cleaning solvents on the Property.

14          11.    Fiesta is informed and believes, and on that basis alleges, that dry cleaning solvents

15   were suddenly and accidentally released into the environment by spills, leaks, the boiling over of

16   PCE, and other incidents.

17          12.    Fiesta is further informed and believes, and on that basis alleges, that there was at

18   least one reported leak and spill incident occurred in 1971 and other leaks, spills and discharges

19   occurred which were sudden and accidental releases at and from the Property to the surrounding

20   environment, including but not limited to the soil, soil gas, groundwater and/or indoor air.

21          13.    Fiesta is informed and believes, and on that basis alleges, that dry cleaning solvents

22   were also disposed of or released into the sanitary sewer system and from cracks, gaps, holes and

23   other pathways in the foundation, plumbing, drains, connections, pipes and sewer lines, which

24   were caused by and resulted from, among other things, the breakage of or improper and negligent

25   maintenance of those components by the Defendants and each of them.

26          14.    Fiesta purchased the Property on or about December 22, 1987 from the Kinneys.

27          15.    Dry cleaning operations using PCE were conducted on the Property until

28   approximately 2005, when the lease of the dry cleaner lease was assigned to a new tenant. Plaintiff

COMPLAINT UNDER CERCLA AND STATE
LAW FOR DAMAGES AND RELATED RELIEF –
DEMAND FOR JURY TRIAL

4

1 is informed and believes and thereon alleges that the lease with the La Blues was assigned to a

2 new tenant in 2005.  The new tenant changed all of the dry cleaning machines on the Property to a

3 water-based cleaning method and eliminated the old solvent type machines.

4       16.     At the time the lease of the dry cleaner business was assigned by the La Blues to

5 the new tenant, the La Blues paid Fiesta $37,500 towards the future costs of addressing the PCE

6 contamination on the Property.  The payment did not release the La Blues from any additional

7 liability, however, in the event that the $37,500 was insufficient to cover the costs of investigating

8 or remediating the contamination.

9       17.     Fiesta is informed and believes, and on that basis alleges, that on or about

10 November 2002, the the North Coast Regional Water Quality Control Board ("RWQCB") issued a

11 preliminary request under Section 13267(b) of the California Water Code to the La Blues directing

12 them to submit a work plan to investigate the soil and groundwater quality near the dry cleaning

13 business.  However, Fiesta does not believe that the La Blues conducted any such investigation.

14       18.     On or about March 15, 2006, the RWQCB issued a letter requiring Fiesta to

15 evaluate whether soil and groundwater quality beneath the Property had been impacted by the

16 former and current operations of a dry cleaner.  Public notice of a potential groundwater

17 contamination was issued by the RWQCB on April 6, 2006.  On April 9, 2007, Geologica, Inc.

18 completed a "Phase II Subsurface Investigation."

19       19.     The RWQCB initially named Fiesta as a responsible party ("RP") for investigating

20 and addressing the contamination at and around the Property.  Subsequently, on or about

21 October 1, 2007, the RWQCB added the La Blues and the Kinneys as RPs.  On December 16,

22 2016, the RWQCB added the Trust with WFB and Lear as co-trustees as Potentially Responsible

23 Parties ("PRPs").

24       20.     From 2007 through 2015, soil and groundwater investigation activities were

25 conducted.  The contaminants identified in the soil, soil gas, and groundwater at the Property and

26 in groundwater off-site include PCE and other hazardous substances.

27       21.     Since 2015, Fiesta has sent letters and emails to Defendants Kinneys, WFB, Lear

28 and La Blues requesting and demanding that they assist in responding to the RWQCB directives to

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

1  investigate and remediate the contamination.  Plaintiff is informed and believes and thereon

2  alleges that the RWQCB discussed with Thrifty its potential responsibility as a RP.  Fiesta has not

3  located Defendants Stanley Mohar, the Estate of Stanley Mohar or Mohar, Inc., but will send a

4  request and demand that they also assist in responding to the RWQCB directives.  The Defendants

5  have failed to respond and/or reimburse Fiesta for its past costs and have refused to agree to pay

6  future costs to address the contamination at the Property that occurred during their respective

7  ownership of the Property and/or operation of the a dry cleaner on the Property.

8
9

**FIRST CAUSE OF ACTION**
**CERCLA COST RECOVERY: 42 U.S.C. § 9607(a)**
**(Against All Defendants)**

10  22.     Fiesta realleges and incorporates by reference the allegations set forth above as

11  though set forth in full herein.

12  23.     The Property is a "facility" within the meaning of 42 U.S.C. § 9601(9).

13  24.     There has been a release of hazardous substances at the Property.  The

14  contaminants that have been identified in the soil, soil gas, groundwater and/or indoor air at, on,

15  beneath and around the Property, including but not limited to PCE and trichloroethylene ("TCE")

16  which are "hazardous substances" within the meaning of 42 U.S.C. § 9601(14) and as that term is

17  used here.

18  25.     The releases and threatened releases of hazardous substances at the Property

19  resulted from the operations and activities of each of the Operator Defendants' at the Property and

20  occurred during the period of time that the Owner Defendants owned the Property.

21  26.     Each Defendant is a "person" as defined by 42 U.S.C. § 9601(21).

22  27.     The Defendants are potentially responsible parties and are liable pursuant to 42

23  U.S.C. § 9607(a)(1) as prior operators of the dry cleaner at the Property and/or pursuant to 42

24  U.S.C. § 9607(a)(2) as the owner of Property at the time of disposal of any hazardous substance.

25  Furthermore, the RWQCB has named the Owner Defendants as RPs for hazardous substances

26  identified at the Property.

27  28.     Each Defendant arranged for the treatment or disposal of one or more hazardous

28  substances at the Property within the meaning of 42 U.S.C. § 9607(a)(3).

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

019771.0001/4784529.1

29.     Some or all of the hazardous substances, including but not limited to PCE, were discharged, deposited, disposed, spilled or emitted into the soil and groundwater at, on or under the Property and constitute hazardous substances under 42 U.S.C. § 9601(14) and in the regulations promulgated under 42 U.S.C. § 9602.

30.     There were one or more releases of hazardous substances within the meaning of 42 U.S.C. § 9601(22).  The releases at the Property are ongoing.

31.     Fiesta has incurred, and will incur in the future, necessary response costs, including costs of investigation, removal and/or remedial actions, in the investigation, clean up, and abatement of the releases and threatened releases of hazardous substances at the Property.  Such activities are taking place with oversight from and under the direction of the RWQCB.  All costs incurred, or to be incurred, by Fiesta in connection with the investigation and remediation of the Property are necessary costs of response consistent with the provisions of CERCLA and the National Contingency Plan.  Such costs include the investigation, remediation, soil management controls, institutional controls and monitoring of the hazardous substances.  All of the necessary response costs incurred and to be incurred by Fiesta are a result of contamination at the Property for which the Defendants, and each of them, are liable.

32.     Fiesta continues to incur response costs and other costs in connection with the investigation and remediation of the Property as a result of ongoing efforts to clean up, remediate and remove released hazardous substances from the environment.

33.     Defendants, and each of them, are jointly and severally liable to Fiesta pursuant to 42 U.S.C. § 9607(a) for all or part of the past, present, and future necessary costs of response, including, without limitation, investigation and remediation expenses, attorneys' fees, oversight costs, and interest, resulting from the release by Defendants of hazardous substances in connection with Defendants' operations and activities at the Property, and for ownership of the Property at the time of such release, in an amount to be determined at the time of trial.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24ᵗʰ Floor
Oakland, California 94607-4036

COMPLAINT UNDER CERCLA AND STATE
LAW FOR DAMAGES AND RELATED RELIEF –
DEMAND FOR JURY TRIAL

7

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

**SECOND CAUSE OF ACTION**
**DECLARATORY RELIEF**
**(Against All Defendants)**

34.     Fiesta realleges and incorporates by reference the allegations set forth above as though set forth in full herein.

35.     An actual dispute and controversy has arisen and now exists among the parties to this action concerning their respective rights and duties in that Fiesta contends, and Defendants deny, that Defendants are responsible for the contamination at the Property and are obligated to pay the costs of the environmental investigation and cleanup at the Property and any other related damages.

36.     Because the extent and magnitude of the contamination at the Property is not fully known at this time, and the investigatory and remedial work are ongoing, Fiesta will incur additional necessary fees and costs, including but not limited to investigatory, remedial and removal expenses and associated attorneys' fees in the future and will incur additional damages.

37.     Fiesta desires a judicial determination of its rights and duties and a declaration that Defendants are liable to Fiesta for all damages, fees and costs incurred or to be incurred by Fiesta as a result of releases of hazardous substances by Defendants.

38.     Fiesta is entitled to a declaratory judgment pursuant to 42 U.S.C. § 9613(g)(2), 28 U.S.C. § 2201, California Code of Civil Procedure § 1060 and/or other applicable law establishing the liability of Defendants for such past, present and future damages, fees and costs for the purpose of this and any subsequent action or actions.  A judicial declaration is necessary and appropriate under the present circumstances in order that Fiesta may ascertain its rights and duties.

**THIRD CAUSE OF ACTION**
**CONTRIBUTION AND INDEMNITY: CAL. H&S CODE § 25363(e)**
**(Against All Defendants)**

39.     Fiesta realleges and incorporates by reference the allegations set forth above as though set forth in full herein.

40.     The Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code § 25300 *et seq*. ("HSAA"), was enacted to encourage the expedient cleanup of "hazardous substances" that have been released into the environment.  In furthering this goal,

COMPLAINT UNDER CERCLA AND STATE
LAW FOR DAMAGES AND RELATED RELIEF –
DEMAND FOR JURY TRIAL

8

1  the California Legislature included the statutory right of contribution for those parties who clean

2  up contaminated properties from those parties who are responsible for the contamination.

3      41.    Section 25363(e) of HSAA provides that "[a]ny person who has incurred removal

4  or remedial action costs in accordance with [HSAA] or the federal [CERCLA, 42 U.S.C. § 9601 *et*

5  *seq.*] may seek contribution or indemnity from any person who is liable pursuant to [HSAA]."

6      42.    A "liable person" is defined in section 25323.5(a) of HSAA as "those persons

7  described in section 107(a) of [CERCLA] (42 U.S.C. Sec. 9607(a))."  "Those persons described in

8  section 107(a)" of CERCLA include the owner and operator of a facility, any person who at the

9  time of disposal of any hazardous substance owned or operated any facility at which hazardous

10  substances were disposed, and any person who arranged for disposal or treatment of hazardous

11  substances for transport to a disposal facility.  As set forth above, Defendants either owned the

12  Property at the time of disposal or release or operated a dry cleaner from which such hazardous

13  substances were disposed or released.

14      43.    There have been releases or threatened releases of hazardous substances at and

15  from the Property during the time that Defendants owned the Property or operated a dry cleaner on

16  the Property.  As a direct and proximate result of Defendants' actions that contributed to releases

17  of hazardous substances at the site, Plaintiff has incurred response costs in accordance with the

18  HSAA.

19      44.    Plaintiff will give the California Department of Toxic Substances Control written

20  notice of the filing of this action, to the extent required by section 25363(d) of the Health & Safety

21  Code.

22      45.    As a direct and proximate result of the actions and conduct of Defendants, as

23  alleged herein, and due to the strict liability imposed by the HSAA, Plaintiff is entitled to

24  contribution from Defendants under section 25363 of the California Health & Safety Code for all

25  response costs incurred that are attributable to Defendants.

26

27

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24ᵗʰ Floor
Oakland, California 94607-4036

019771.0001\4784529.1

COMPLAINT UNDER CERCLA AND STATE            9
LAW FOR DAMAGES AND RELATED RELIEF –
DEMAND FOR JURY TRIAL

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE NOTICE OF RELEASE: CAL. H&S CODE § 25359.7**
**(Against all Defendants)**

46.     Fiesta realleges and incorporates by reference the allegations set forth above as though set forth in full herein.

47.     Improvements on the Property include a commercial structure and the Property is not used for residential purposes.  The Operator Defendants used a portion of the Property as a dry cleaner for many years, disposed of and released hazardous substances during their storage, handling, use and transfer of dry cleaning solvents on the Property, were aware of or should have been aware of the sudden and accidental release(s) of hazardous substances on the Property, and knew or had reasonable cause to believe that a release of hazardous substances had come to be located on or beneath the Property.  The Owner Defendants knew that a portion of the Property had been used as a dry cleaner, failed to adequately maintain portions of the improvements, including but not limited to the foundation, plumbing, drains, connections, pipes and sewer lines, were aware of or should have been aware of the sudden and accidental release(s) of hazardous substances on the Property, and knew or had reasonable cause to believe that a release of hazardous substances had come to be located on or beneath the Property.

48.     During and after their use of the Property, the Operator Defendants failed to give written notice to the Owner Defendants, Fiesta or any other person or entity of the release of hazardous substances on the Property, as required by California Health & Safety Code § 25359.7(b).

49.     Prior to their sale of the Property to Fiesta, the Owner Defendants failed to give written notice to Fiesta of the release of hazardous substances on the Property, as required by California Health & Safety Code § 25359.7(a).

50.     The Defendants' failure to provide the required written notice has caused Fiesta to incur fees and costs to investigate and remediate the contamination, has reduced the value of the Property and has caused other harm that interferes with Plaintiff's use or enjoyment of the Property and/or that is otherwise recoverable or provided by law.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24ᵗʰ Floor
Oakland, California 94607-4036

019771.0001\4784529.1

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

1      **FIFTH CAUSE OF ACTION**
    **EQUITABLE INDEMNITY AND CONTRIBUTION**
2     **(Against All Defendants)**

3     51.    Fiesta realleges and incorporates by reference the allegations set forth above as

4 though set forth in full herein.

5     52.    Fiesta has incurred and will continue to incur costs to investigate and remediate

6 releases of hazardous substances that occurred at the Property at the time that Defendants owned

7 the Property or operated a dry cleaner on the Property.  Defendants are responsible for the disposal

8 and releases of hazardous materials on the Property, either by their actions, as a result of sudden

9 and accidental releases of hazardous materials during their ownership of or operation on the

10 Property, due to their failure to maintain equipment at the Property including but not limited to the

11 foundation, plumbing, drains, connections, pipes and sewer lines, or based on other intentional,

12 reckless or negligent actions by Defendants.

13     53.    Certain Defendants have been identified by the RWQCB as RPs and have an

14 obligation to appropriately address the environmental contamination but have failed and refused to

15 contribute to the required investigation and remediation or pay such fees and costs.  As a result,

16 Fiesta has paid and will pay more than its equitable share of such costs, among others.

17     54.    Fiesta has and, as a result of Defendants refusal to pay, will continue to pay more

18 than its share of a joint or joint and several obligation.  Therefore, Plaintiff is entitled to

19 contribution and indemnity from defendants, and each of them, for all costs incurred that are

20 attributable to Defendants.

21     **SIXTH CAUSE OF ACTION**
    **CONTINUING NUISANCE**
22     **(Against All Defendants)**

23     55.    Fiesta realleges and incorporates by reference the allegations set forth above as

24 though set forth in full herein.

25     56.    Fiesta is the current owner of the Property.

26     57.    The Defendants, and each of them, by acting or failing to act, caused or contributed

27 to, and is continuing to cause and contribute to the release and disposal of hazardous materials at

28 the Property, which created and is continuing to create a condition that was and is harmful to

COMPLAINT UNDER CERCLA AND STATE
LAW FOR DAMAGES AND RELATED RELIEF –
DEMAND FOR JURY TRIAL
    11

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24ᵗʰ Floor
Oakland, California 94607-4036

1   health, indecent or offensive to the senses and an obstruction to the free use of the property, so as

2   to interfere with the comfortable enjoyment or life or property.

3        58.    The hazardous substances discharged, deposited, disposed of or released at the

4   Property as a result of Defendants' conduct have resulted in conditions which constitute a

5   continuing private nuisance within the meaning of Section 3479 of the California Civil Code.

6        59.    The presence of hazardous substances at and around the Property has caused and is

7   continuing to cause Fiesta to incur fees and costs to investigate and remediate the contamination,

8   has reduced the value of the Property and has caused other harm that interferes with Plaintiff's use

9   or enjoyment of the Property.

10        60.    The initial release and disposal of hazardous substances occurred before Fiesta

11   purchased the Property, but the release is continuing due to migration of the contamination in the

12   groundwater.  Plaintiff did not give permission or otherwise consent to Defendants' conduct.

13        61.    The presence of environmental contamination has already impacted or threatens to

14   adversely impact the soil, soil gas, groundwater and/or indoor air at the Property and the

15   requirements imposed to address the contamination are such that an ordinary person would be

16   reasonably annoyed or disturbed by Defendants' conduct.

17        62.    The discharging, depositing, disposing of or releasing of hazardous substances

18   violates, among other things, California Water Code Section 13304 and California Health and

19   Safety Code Section 5411.  The conditions are therefore a nuisance per se.

20        63.    Fiesta has been harmed and is continuing to be harmed as a result of Defendants'

21   conduct, as more fully set forth above, and has incurred damages and will incur additional

22   damages, including fees and costs to investigate and remediate the contamination, a reduction in

23   the market value of the Property, potential loss of use of all or portions of the Property and other

24   damage.  The seriousness of the environmental contamination at the Property outweighs the public

25   benefit of defendant's conduct.

26

27

28

019771.0001\4784529.1
COMPLAINT UNDER CERCLA AND STATE
LAW FOR DAMAGES AND RELATED RELIEF –
DEMAND FOR JURY TRIAL
       12

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

**SEVENTH CAUSE OF ACTION**
**CONTINUING TRESPASS**
**(Against All Defendants)**

64.     Fiesta realleges and incorporates by reference the allegations set forth above as though set forth in full herein.

65.     Fiesta is the current owner of the Property.

66.     Defendants, and each of them, intentionally, recklessly or negligently caused and is continuing to cause the release and disposal of hazardous substances on and around the Property.

67.     The initial release and disposal of hazardous substances occurred before Fiesta purchased the Property, but the release is continuing due to migration of the contamination in the groundwater.  Plaintiff did not give permission or otherwise consent to defendant's conduct.

68.     Fiesta has been harmed and will continue to be harmed as a result of defendants' conduct, as more fully set forth above, and has incurred damages and will incur additional damages, including fees and costs to investigate and remediate the contamination, a reduction in the market value of the Property, potential loss of use of all or portions of the Property and other damage.

**EIGHTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(Against All Defendants)**

69.     Fiesta realleges and incorporates by reference the allegations set forth above as though set forth in full herein.

70.     Fiesta did not own the Property at the time the contamination occurred.  The Defendants, during their ownership or operation at the Property, caused or contributed to the release and disposal of hazardous substances to the environment, as set forth in more detail in the preceding paragraphs.

71.     Defendants have been unjustly enriched because their costs to own and operate the Property were reduced because of their failure to responsibly and lawfully maintain the Property and control or prevent the release of hazardous substances because they sold the Property for a price that did not account for the presence of environmental contamination and because they have not incurred fees or costs to investigate or remediate the contamination and have failed and

COMPLAINT UNDER CERCLA AND STATE
LAW FOR DAMAGES AND RELATED RELIEF –
DEMAND FOR JURY TRIAL

13

1  refused to defend and indemnify Fiesta.  Fiesta has incurred fees and costs that should rightfully

2  have been paid or incurred by Defendants, and each of them.

3          72.     Under principles of equity, including but not limited to those set forth in the

4  Restatement of Restitution and California common law, Defendants must pay Plaintiff for all fees

5  and costs incurred, now and in the future, with regard to environmental contamination caused by

6  Defendants at and emanating from the Property.

7          73.     As a result, Fiesta is entitled to recover damages from defendants, and each of

8  them, plus other and further relief as allowed by law.

9                                            **PRAYER**

10         Fiesta prays that judgment be entered in its favor as follows:

11         1.      Defendants, and each of them, are liable for the all general, consequential and

12  compensatory damages suffered by Fiesta, including all past, present and future fees and costs, to

13  investigate and remediate the environmental contamination at the Property, the fees and costs to

14  respond to the RWQCB requirements to investigate and remediate the Property and any and all

15  other necessary costs of response.

16         2.      Defendants, and each of them, are liable for the loss of use of the Property and of

17  all or portions of the business thereon;

18         3.      Defendants, and each of them, are liable for the reduction in the value of the

19  Property caused by the environmental contamination;

20         4.      Fiesta is entitled to an injunction against defendants, including but not limited to an

21  injunction to end the activity causing the nuisance and trespass;

22         5.      Fiesta is entitled to a declaration of rights and duties with regard to, among other

23  things, Defendants responsibility for past, present and future fees, costs and actions necessary to

24  address the hazardous substances, at, on, under or around the Property and each parties equitable

25  share of the fees and costs for past, present and future actions;

26  / / /

27  / / /

28  / / /

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

019771.0001\4784529.1

COMPLAINT UNDER CERCLA AND STATE          14
LAW FOR DAMAGES AND RELATED RELIEF –
DEMAND FOR JURY TRIAL

6.      Defendants shall pay Fiesta interest on the amount recoverable, as allowed by law; and

7.      For such other and further relief as the Court may deem just and proper.

DATED:  July 31, 2017                    WENDEL, ROSEN, BLACK & DEAN LLP


By:      _/s/ Christine K. Noma_
Christine K. Noma
Attorneys for Fiesta 116, L.P., a California limited partnership


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure for all such issues for which a trial by jury is allowed.


DATED:  July 31, 2017                    WENDEL, ROSEN, BLACK & DEAN LLP


By:      _/s/ Christine K. Noma_
Christine K. Noma
Attorneys for Fiesta LLC, a California limited liability company

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

019771.0001/4784529.1

COMPLAINT UNDER CERCLA AND STATE LAW FOR DAMAGES AND RELATED RELIEF – DEMAND FOR JURY TRIAL

15